UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 04-63-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| GILBERT DARREN SIMPSON, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Gilbert Simpson is currently serving a term of imprisonment of 360 months after being convicted by a jury of conspiring to distribute 250 pounds of marijuana (Count 1), distribution of 2.1 grams of marijuana (Count 3) and possession with intent to distribute Oxycontin tablets (Count 4), all in violation of 21 U.S.C. §§ 841(a)(1) and 851. Regarding Count 4, the jury found that Simpson possessed with the intent to distribute one hundred forty-three 40-milligram Oxycontin pills containing Oxycodone and eight 20-milligram Oxycontin pills containing Oxycodone.[1] [Record Nos. 64 and 76] Simpson's appeal following his conviction was unsuccessful. On May 10, 2007, the Sixth Circuit affirmed his conviction regarding all three counts. [Record No. 98] Thereafter, on March 24, 2008, the United States Supreme Court denied Simpon's petition for a writ of certiorari. [Record No. 101]

---

[1] Simpson was sentenced to a term of imprisonment of 360 months on each of Counts 1 and 4, and a term of imprisonment of 120 months on Count 3. The sentences were imposed run concurrently to produce a total term of incarceration of 360 months. [*See* Record No. 76, p. 2.]

After exhausting his direct appeals, Simpson sought collateral relief under 28 U.S.C. § 2255. [Record No. 102] Again, however, his request for relief from the criminal conviction and resulting judgment was denied. On January 4, 2011, this Court denied Simpson's motion seeking to vacate, set aside, or correct his sentence. [Record No. 121] In relevant part, the Court concluded that the defendant's motion was untimely because it was filed more than one year after his judgment became final. Further, Simpson's claims were not subject to equitable tolling and were barred by the statute of limitations set out in 28 U.S.C. § 2255(f)(1). The Court did not issue a Certificate of Appealability regarding any issue raised in Simpson's motion because no issue presented a close constitutional issue or an issue that reasonable jurists would find debatable. [*Id.*] And while Simpson filed an unsuccessful "emergency" motion for reconsideration of the Court's opinion, he did not seek review by the Sixth Circuit.

Simpson current attempt to have his conviction reversed is couched in terms of a motion for re-sentencing pursuant to 18 U.S.C. § 3582(c)(1). [Record No. 130] However, a cursory review clearly establishes that the motion is not based on an assertion that Simpson's relevant guideline range was lowered after his sentencing hearing. Instead, the defendant is attempting to file a second or successive habeas petition based on arguments not included in his original § 2255 motion.

According to the documents attached to Simpson's current motion, the defendant's state court convictions stem from indictments returned by a Knox County, Kentucky grand jury on May 11, 2001, and February 8, 2002. The first indictment charged Simpson with first degree assault. More specifically, the indictment alleged that Simpson shot his father with a gun on

April 16, 2001. The second indictment charged Simpson with three counts of first degree trafficking in controlled substances on three separate dates: (1) methamphetamine on April 9, 2001 (Count I); (2) OxyContin pills containing Oxycodone on April 10, 2001 (Count II); and (3) Xanax on April 17, 2001 (Count III). Count IV of the second indictment charged Simpson with cultivating less than five marijuana plants. [*See* Record No. 130-1, pp. 4-9.] The state court indictment did not charge Simpson with distributing marijuana. Further, neither of the state indictments alleged that the defendant's criminal actions extended beyond the discrete dates and neither alleged a drug trafficking conspiracy.

Simpson argues, however, that one of the convictions that resulted in his status as a career offender (*i.e.*, shooting his father with a gun) was committed during the 1999-2004 crime spree associated with his federal conviction. He claims that the assault is "inextricably intertwined" with his federal conviction because the conduct would not have occurred if he had not been selling drugs for his father during this period. Simpson asserts that, because of his drug habit, he used some of the drugs he was suppose to sell for his father. And when his father confronted him due to late payment for the drugs, he shot him. In essence, Simpson claims that, because of his extensive drug use and drug dealing, the activity that led to his state convictions was really a part of his overall drug trafficking conspiracy that led to his federal conviction.

Simpson did not challenge the validity of his state court convictions during the federal case. Likewise, his attorney did not object to his classification as a career offender during the sentencing hearing held on August 22, 2005. Instead, she argued that the guideline range

resulting from the defendant's status as a career offender overstated his criminal history. [*See* Record No. 85, pp. 4-7.]

Title 28 of the United States Code, Section 2244(a)(3)(A), provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Simpson is not asserting a defect in the integrity of the federal habeas proceedings. Instead, he is seeking to directly challenge the substance of this Court's – and the Sixth Circuit's – resolution of his claim on the merits. And because this Court has previously denied habeas relief to Simpson under 28 U.S.C. § 2255, his current motion constitutes a second or successive motion. *See* 28 U.S.C. § 2244(a). This statute provides that no district court

> shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2255(a); *see* 28 U.S.C. § 2255(h) (providing standard for certification of second or successive motion).

Therefore, the motion is procedurally barred unless the Sixth Circuit determines that Simpson has presented new factual evidence or demonstrated a new rule of constitutional law. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in the

light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). *Albo v. United States*, 2012 U.S. App. LEXIS 18469 (6th Cir. Aug. 29, 2012); *West v. Bell*, 2010 U.S. App. LEXIS 23358 (6th Cir. Nov. 4, 2010); *Williams v. United States*, 2005 U.S. Dist. LEXIS 19612 (S.D. Ohio Sept. 9, 2005). While it does not appear that Simpson fits within either of these exceptions, that is a determination that must be made by the Sixth Circuit as an initial matter.

Based on the foregoing analysis, this Court lacks jurisdiction to entertain the present motion. The matter will be transferred to the United States Court of Appeals for the Sixth Circuit so it may determined whether the claim may be presented. Accordingly, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court is **DIRECTED** to transfer Defendant Gilbert Simpson current motion [Record No. 130] to the United States Court of Appeals for the Sixth Circuit as a second or successive petition seeking relief under 28 U.S.C. § 2255 in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

2. To the extent that Defendant Simpson seeks relief from this Court, that request is **DENIED** in accordance with 28 U.S.C. § 2244(a).

This 7th day of August, 2013.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge